■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant. [667 NYS2d 284] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 27, 1995, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Golia, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by the defendant to law enforcement officials.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant. [667 NYS2d 292] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 7, 1995, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The trial court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence obtained incident to his arrest (*see, People v Brown,* 246 AD2d 603 [decided herewith]).

Furthermore, the trial court properly denied that branch of the defendant's omnibus motion which was to suppress certain identification testimony. The People were not required to give the defendant additional notice pursuant to CPL 710.30 with respect to the complainant's identification of the defendant in a photograph of a lineup since it merely confirmed the prior lineup identification (*see, People v Wharton,* 74 NY2d 921, 922-923). The defendant's contention that the trial court should have suppressed the in-court identification is not preserved for appellate review since he did not move to strike that testimony at trial (*see,* CPL 470.05 [2]).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.